**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin E. Thomas, | No. CV 09-2687-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Guild Mortgage Co., | |
| Defendant. | |

The Court has before it Defendant Guild Mortgage Co.'s ("Guild Mortgage") Motion for Summary Judgment. (Doc. 36). The Court has also reviewed Plaintiff's response to the motion (doc. 41) as well as Defendant's reply. (Doc. 46). Having determined that Oral Argument is unnecessary, the Court issues the following order.

**I.   Background**

Plaintiff filed a pro se complaint against Defendants Guild Mortgage and Tiffany and Bosco, PA on December 28, 2009. Plaintiff asserts 27 claims, pursuant to the Truth in Lending Act/Consumer Protection Act (TILA 15 U.S.C. §1601 et. seq.), the Real Estate Settlement Procedures Act (RESPA, 12 U.S.C. §2601 et seq.), and the Home Ownership and Equity Protection Act (15 U.S.C. § 1639). Plaintiff also asserts a Racketeer Influenced and Corrupt Organizations Act claim (RICO 18 U.S.C. §1963 et seq.). Plaintiff seeks damages including punitive damages, as well as declaratory and injunctive relief.

The core of all of Plaintiff's claims is that the Defendant Guild Mortgage, which on November 13, 2007 issued a loan and deed of trust secured by the house in which Plaintiff

lived, at 10208 West Highland Avenue in Phoenix, Arizona 85037, did not provide sufficient disclosures and engaged fraud in issuing the loan, which he alleges should have been a refinance rather than a purchase mortgage loan. Plaintiff also claims that the loan contract was properly rescinded prior to foreclosure on the house, but that the Defendant failed to rescind the agreement in violation of the law. Accordingly, the Plaintiff claims, the loan and the foreclosure are improper. He seeks rescission of the loan and reimbursement of payments made on the loan.

The loan, however, was a purchase money loan obtained by Plaintiff's daughter April Thomas. According to Mr. Thomas, he had previously owned the home, but ownership had transferred to Marken Ventures in 2005. Mr. Thomas was making payments to a company called CHG Holding in a "lease to own" arrangement to buy back the house. A dispute arose and Mr.Thomas sued CHG Holding and Marken Ventures. As part of a settlement of the lawsuit, Mr. Thomas obtained the right to purchase the property from Marken Ventures. Mr. Thomas, however, did not purchase the property; rather, his daughter April Thomas did. April Thomas obtained a loan from Guild Mortgage to purchase the house and received a warranty deed from Marken Ventures. Nowhere on the loan or deed of trust is there any reference to the Plaintiff Kevin Thomas. Nor is there any evidence that the loan obligation was ever transferred to him. In pleadings, however, Mr. Thomas alleges that April Thomas was acting as his nominee and that he had a prior ownership interest in the house (from the lease to own arrangement) so that the loan should not have been a purchase money loan but a refinance. April Thomas quitclaimed the property to her father Mr. Thomas on November 7, 2007. April Thomas was initially a Plaintiff in this lawsuit, but she moved to dismiss her claims and the Court granted the motion on May 18, 2010.

According to statements by the Plaintiff in pleadings, payments stopped being made on the loan in the Spring of 2008 and attempts were made to refinance the loan to no avail. Defendant Guild Mortgage initiated foreclosure proceedings in July, 2008 and the house was sold in a trustee's sale to Fannie Mae on November 30, 2009. Plaintiff alleges that prior to the foreclosure on June 21, 2009, April Thomas attempted to rescind the loan. An unsigned

1  letter from April Thomas purporting to rescind the loan has been submitted to the Court.

2  According to documents filed with the Court, Federal National Mortgage Association
3  eventually obtained the deed to the property and initiated state court proceedings for forcible
4  detainer after trustee's sale pursuant to A.R.S. 12-1173. On September 30, 2010 the Court
5  entered a judgment against April and Kevin Thomas finding them guilty of forcible detainer
6  and terminating their right to possession of the property. The Court ordered Defendants to
7  immediately surrender possession of the property on or before October 5, 2010 and stated
8  that if they failed to do so on October 6, the Court would issue a Writ of Restitution to the
9  Sheriff of Maricopa County commanding him to forcibly remove Defendants and anyone
10 holding and claiming a right to possession.

11 On September 30, 2010 Plaintiff filed an Application for Emergency Injunction asking
12 this Court to enjoin the forcible detainer proceedings. The Court directed Defendants to file
13 a response on October 4, 2010 and set a hearing for the same day. During the hearing, the
14 Court heard from both parties. The Court denied the Plaintiff's request for an injunction
15 finding that Plaintiff was unlikely to succeed on the merits of his claims. (Doc.61).

16 On May 10, 2010, prior to Plaintiff's application for an injunction, Defendant Guild
17 Mortgage filed a motion for summary judgment.[1] In the Motion Defendant raises a number
18 of arguments, including that many of Plaintiff's claims are barred by the statute of limitations.
19 Defendant also argues that the Plaintiff is not a proper party to this action because it was
20 April Thomas who obtained the loan from the Defendant and all of Plaintiff's claims arise
21 from the loan transaction. Defendant also asserts that rescission is not available for a loan
22 secured by property such as the loan at issue in this case, which also undermines many of the
23 claims made by the Defendant. Defendant also claims that it provided all of the necessary
24 documentation so that Plaintiff's claims of non-disclosure have no basis.

25 Plaintiff filed a response in which he argues that the statute of limitations is subject

---

[1] Plaintiff also filed a motion for summary judgment on January 10, 2011. (Doc. 81) Because the Court grants Defendant's motion for summary judgment, Plaintiff's motion is denied as moot.

- 3 -

1 to equitable tolling based on the Defendant's allegedly fraudulent conduct.  Plaintiff also
2 responds that because his daughter was his nominee in purchasing the house he is a proper
3 party to the lawsuit.  Plaintiff also asserts that rescission is an proper remedy for a refinance
4 loan, which is what this loan should have been. Plaintiff also further outlines his claims that
5 the bank failed to provide the necessary documentation, including that it failed to provide the
6 correct purchase price for the home.

7 In its reply, Defendant responds that Plaintiff has not provided any material fact to
8 counter its arguments, that many of the claims are barred by the statute of limitations, that
9 Plaintiff was not a party to the loan to April Thomas and that even if the loan had been a
10 refinance, because   there is right of rescission for any loan secured by real property –
11 including a refinance loan.  Defendant also reiterates that it provided the appropriate and
12 accurate documentation explaining some of Plaintiff's confusion on this matter.

**II      Standard of Review**

Summary judgment is appropriate only when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  The moving party bears the initial burden of establishing the absence of any genuine issue of material fact; the moving party must present the basis for its summary judgment motion and identify those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001).

A material fact is one that might affect the outcome of the case under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In addition, in order to preclude summary judgment, a dispute about a material fact must also be "genuine," such that a reasonable jury could find in favor of the non-moving party.  Id.; Anheuser -Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 345 (9th Cir. 1995).  In determining whether the moving party has met its burden, the Court views the evidence in the light most favorable to the nonmovant.  Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995).  The

Court may not make credibility determinations or weigh conflicting evidence. Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir. 1990). Further, the Court must draw all reasonable inferences in favor of the nonmovant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002).

If the moving party meets its burden with a properly supported motion for summary judgment, then the burden shifts to the non-moving party to present specific facts that show there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushia Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). The nonmovant may not rest on bare allegations or denials in his pleading, but must set forth specific facts, by affidavit or as otherwise provided by Rule 56, demonstrating a genuine issue for trial. Fed.R.Civ.P. 56(e); Anderson, 447 U.S. at 248-49. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In sum, the question on motion for summary judgment is whether the evidence "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 447 U.S. at 521-52. A district court is not required to probe the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The non-movant has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. Id.; see Carmen v. San Francisco Unified School District, 237 F.3d 1026, 1028-29 (9th Cir. 2001) (even if there is evidence in the record that creates a genuine issue of material fact, a district court may grant summary judgment if the opposing party's papers do not include or conveniently refer to that evidence). The mere existence of a scintilla of evidence supporting the non-movant's petition is insufficient; there must be evidence from which a trier of fact could reasonably find for the non-movant. Id. at 252; see Matsushita Elec., 475 U.S. at 586 (nonmovant's showing of "some metaphysical doubt" as to material facts insufficient to defeat summary judgment).

**III.    Discussion**

   **A.  Whether Plaintiff Kevin Thomas is a Proper Party to this Lawsuit**

1    The Court first takes up whether the Plaintiff Kevin Thomas is a proper party to this
2 lawsuit, since this has the potential to resolve the entire case.  As stated, the claims in this
3 case against Guild Mortgage – under TILA 15 U.S.C. §1601 et. seq., RESPA, 12 U.S.C.
4 §2601, the Home Ownership and Equity Protection Act 15 U.S.C. § 1639 and  RICO 18
5 U.S.C. §1963 et seq. -- arise from the allegedly improper disclosures and procedures
6 associated with the mortgage for the property the Plaintiff lived in and owned.  Plaintiff's
7 claims are also based on the allegation that the mortgage agreement was rescinded prior to
8 foreclosure because of the allegedly improper disclosures and procedures. As the Defendant
9 has indicated, however, the mortgage was obtained by the Plaintiff's daughter April Thomas,
10 not the Plaintiff.  Plaintiff was not named in the mortgage and had no obligations under the
11 mortgage.  April Thomas was initially a plaintiff in this case, but she dismissed her claims
12 on May 18, 2010.

13    A homeowner who is not a party to a mortgage loan cannot assert TILA, RESPA,
14 Home Ownership and Equity Protection Act, or fraud claims against a lender for improper
15 disclosures.  See Cleveland v. Deutsche Bank Nat. Trust Co., 2009 WL 250017 (S.D. Cal.
16 Feb. 2, 2009) (dismissing TILA, RESPA, fraud and other claims of one Plaintiff whose wife
17 took out mortgage because "someone who is not a party to [a] contract has no standing to
18 enforce the contract or to recover extra-contract damages for wrongful withholding of
19 benefits to the contracting party"); Brockington v. J.P. Morgan Chase Bank, N.A., 2009 WL
20 1916690 at * 2 (N.D. Cal. July 1, 2009) ("equitable owner" of property who had daughter
21 obtain refinance loan,"has no standing to challenge [bank's] conduct in connection with
22 extending the mortgage loan [to borrower] or to assert a claim for unlawful concealment of
23 facts by defendants in such transaction to which she was not a party."); In re Juliette Collado,
24 2010, WL 32595 at*2  (Bkrtcy. S.D.Fla. Aug. 13, 2010) (plaintiff who obtained ownership
25 of property by way of quit claim deed lacked standing to assert claims to reform promissory
26 note and fraud because "Plaintiff was not and is not a party to the loan" and citing Johnson
27 v. Ocwen Loan Servicing, 374 Fed.Appx. 868 (11th Cir. 2010)); see also Meadows v.
28 Franklin Collection Service, Inc., 2010 WL 2605048 (N.D. Ala. June 25, 2010) (finding that

only debter can sue for a violation of 15 U.S.C. § 1692(c) and also citing Johnson). Plaintiff's assertions that his daughter was merely acting as his "nominee" and the fact that the property had been quit claimed to him are not relevant; he had no obligation on the loan. Brockington, 2009 WL 1916690 at * 2; In re Juliette Collado, 2010, WL 32595 at*2. Consequently, all Plaintiff's claims, which assert that the Defendants failed to make certain disclosures or acted fraudulently in connection with the loan made to his daughter or that Defendants otherwise failed to rescind the agreement, are dismissed.

### B. Plaintiff's TILA and RESPA claims are Barred by the Statute of Limitations

Notwithstanding the fact that Kevin Thomas is not a proper plaintiff in this action, his TILA and RESPA claims are also barred by the statute of limitations. The Truth in Lending Act and Real Estate Settlement Procedures Act require that claims be brought within one year of execution of a loan. 15 U.S.C. §1640(e); 12 U.S.C. §2614. The loan was obtained by April Thomas on November 13, 2007. Plaintiff filed his claim on December 28, 2009. Accordingly Plaintiff's claims arising from these statutes are time barred.

Plaintiff asserts that the statute is subject to equitable tolling because of his fraud allegations. Indeed "[T]he limitations period in Section 1640(e) may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discovery the fraud or nondisclosures that form the basis of the TILA action." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). It is less clear that tolling applies to RESPA actions. See Kucheynik v. Mortgage Electronic Registration Systems, Inc., 2010 WL 5174540 (W.D. Wash. Dec. 15, 2010) ("The Ninth Circuit is yet to address, and other circuits disagree on the issue of whether equitable tolling applies to suspend the statute of limitations in RESPA actions" citing cases). In any case, Plaintiff has provided no explanation as to why he and April Thomas would not have discovered the disclosures or the fact that this was not a refinance for over two years. Moreover, as previously indicated, Plaintiff has no standing to assert any fraud or other claims against the lender because he was not a party to the mortgage agreement.

### C.     **Plaintiff Has No Right of Rescission**

In addition, many of Defendant's claims hinge on a purported right of rescission – which he alleges was exercised prior to foreclosure and which he alleges the Defendant did not honor.  Because this was a residential mortgage transaction, however, April Thomas did not have a right of rescission. 15 U.S.C. §1635(e); 12 C.F.R. 226(f)(1).  Although Plaintiff alleges that the Defendant should have provided a refinance rather than a purchase money loan, even a refinance is a residential mortgage transaction, so that Plaintiff would not have a right of rescission even if this had been a refinance. See Brunat v. Indymac Federal Bank, 2010 WL 2197545 *5 (D. Ariz. May 26, 2010).  And again, given the fact that any right of rescission would have belonged to April Thomas, Mr. Thomas is not the proper party to make any such allegations.

### III.     **Conclusion**

Accordingly,

**IT IS HEREBY ORDERED**, granting Defendant's motion for summary judgment. (Doc. 36)

**IT IS FURTHER ORDERED**, denying Plaintiff's Motion for Sanctions, Motion for Attorneys' Fees, Motion for Summary Judgment, Motion to Change the Caption as moot. (Docs. 76, 81, 83)

/ / /

**IT IS FURTHER ORDERED**, denying Plaintiff's motion for Hearing or Conference (Doc. 79) as moot.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

DATED this 21st day of February, 2011.

*/s/ Mary H. Murguia*
Mary H. Murguia
United States District Judge